**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| EDWARD JAMES HARRIS,<br><br>           Petitioner,<br><br>      vs.<br><br>SCOTT FRAUENHEIM, Warden,<br><br>           Respondent. | Case No. EDCV 14-1736-CJC (JPR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE |

    The Court has reviewed the Petition, records on file, and Report and Recommendation of U.S. Magistrate Judge. See 28 U.S.C. § 636. On June 24, 2015, Petitioner filed objections to the R&R, arguing, as he did in his opposition to Respondent's motion to dismiss, that he is entitled to equitable tolling. (Objections at 1-4.)[1] In particular, he claims that he has "diligently been trying to catch up with all the deadline dates since returning from court." (Id. at 2.) His objections were neither signed nor filed under penalty of perjury. In support of

---

[1] Petitioner filed his objections in what he styled as a "Response for Report and Recommendation of U.S. Magistrate Judge."

his arguments, he attached several exhibits, including letters from his appellate attorney (Objections, Exs. A, B) and an "Application for Relief from Default to File an Untimely Petition for Review" (Objections, Ex. C), which was rejected for filing by the California Supreme Court on December 26, 2013 (Objections, Ex. D).

On July 22, 2015, the Magistrate Judge noted that Petitioner had addressed only timeliness in his objections and had not responded to Respondent's argument in the motion to dismiss or the Magistrate Judge's conclusion in the R&R that the Petition was "mixed" and subject to dismissal on that basis as well. She allowed the parties to address exhaustion in supplemental objections or responses thereto. Petitioner did not file any supplemental objections. On September 1, 2015, Respondent filed a Response to Petitioner's original objections, arguing that Petitioner's new evidence and allegations did not warrant equitable tolling sufficient to render the Petition timely (Resp. at 1-9) and noting, as he did in his motion to dismiss, that the Petition was also subject to dismissal because the prosecutorial-misconduct claim remained unexhausted (id. at 9-10).

Petitioner's new allegations fail to show that an extraordinary circumstance prevented him from timely filing his Petition. The court of appeal's docket indicates that during the pendency of his direct appeal, Petitioner's address of record was updated and, contrary to his assertions (see Objections, Ex. B), he was receiving mail at that address; indeed, he was informed by the court of appeal that his counsel had filed a Wende brief, and he filed a pro se supplemental brief two months before the court

of appeal's decision (see Resp., Attach. 1 at 3).  Petitioner was apparently able to access the court of appeal's docket online, as demonstrated by his attaching a copy of it to his objections. (See Objections, Ex. E.)  Thus, Petitioner's unsworn claim that he lacked knowledge of the state-court proceedings is not convincing.  Further, the two letters from Petitioner's appellate attorney demonstrate that he was responsive to Petitioner's inquiries and that after the court of appeal affirmed the judgment, on October 31, 2012, he promptly sent notice of the decision to Petitioner, on November 6, 2012.  (Id., Exs. A, B.) Moreover, counsel "was not notified that [Petitioner] did not receive" notice of the court-of-appeal decision.  (Id., Ex. A.) Such evidence is inconsistent with the argument that Petitioner was abandoned by his attorney.  Thus, Petitioner has not shown lack of knowledge of the state proceedings, attorney abandonment, or any other extraordinary circumstance warranting equitable tolling.

    Nor has he shown diligence.  Even if Petitioner, through no fault of his own, was unaware of the court of appeal's decision until October 30, 2013, when he received a response from his attorney (id.), he still had a month and a half before the expiration of the limitation period during which he could have filed a "protective" federal habeas petition, see Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005), or a state-court habeas petition to toll the limitation period.  Petitioner has never claimed that he did not know when the limitation period would expire.

    Finally, as the Magistrate Judge noted (R&R at 12 n.5), even

if all the claims in the Petition were timely, the Petition would still be subject to dismissal as a mixed petition because the prosecutorial-misconduct claim has not been exhausted in state court.

Accordingly, having reviewed de novo those portions of the R&R to which objections were filed, the Court accepts the findings and recommendations of the Magistrate Judge.  IT IS ORDERED that the Petition is denied without leave to amend and Judgment be entered dismissing this action with prejudice.

DATED: October 5, 2015

CORMAC J. CARNEY
U.S. DISTRICT JUDGE